EMMA C. WOODBURY and ALVIN J. WOODBURY, Appellees, v. LLOYD C. HENNING, Appellee, HATTIE MERRITT, LELA REEVES, CHARLES N. REEVES and BLANCHE FAYE MERRITT, Appellants.

**Evidence:** TRANSACTIONS WITH A DECEDENT: DESCENT AND DISTRIBU-
TION: FAMILY AGREEMENT. An heir of a decedent is disqualified under the statute to testify to an agreement with the widow, since deceased, which he had a part in making and was personally interested in, by which it was claimed that the widow agreed to accept a life estate rather than her distributive share in decedent's property. In this action the evidence is reviewed and held insufficient to establish an agreement between the widow and

heirs of a decedent by which the widow was to accept a life estate in decedent's land in lieu of her distributive share.

**Same:** DESCENT AND DISTRIBUTION: INTEREST OF WIDOW. Where a husband dies seised of real property, leaving a widow and children, the widow will take a one-third interest in the same in fee, which on her death will pass to her heirs.

**Same:** ESTOPPEL. Where the heirs of a decedent had not shaped their conduct with reference to claimed admissions made by the widow that she owned simply a life estate in the property, neither the widow nor her heirs were estopped by such admission to claim that she took her distributive share in the estate in fee.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, JUNE 16, 1910.

ACTION for the partition of certain lands at one time owned by John H. Merritt. The trial court granted the prayer of the petition, and some of the defendants appeal. —*Affirmed.*

*Hutchinson & Jacobs,* for appellants.

*Lee & Robb,* for appellees.

DEEMER, C. J.—Appellees have filed a motion to dismiss the appeal, which, as we shall see during the course of the opinion, is without merit. John H. Merritt died intestate February 6, 1897, seised of the land in controversy. He left surviving his widow, Betsy Merritt, and three children. One of these, Emma C. Woodbury, plaintiff herein, was the issue of John H. and Betsy Merritt, and the other two, Chas. C. and Fred F. Merritt, are children of a former marriage; the first wife having died long prior to his marriage to Betsy. Charles C. died in the year 1901, and appellants are his widow and his two

children.   Betsy Merritt had been married prior to her
marriage to John H. Merritt and by her former husband
had one daughter, now deceased.    Defendant Lloyd C.
Henning is a son of that deceased daughter.   No one of
the parties in interest has ever been in the actual posses-
sion or occupancy of the land, but according to the testi-
mony Betsy Merritt received all the rents and profits there-
of from the time of her husband's death down to the time
of her demise in the year 1903.    From this statement it
will be observed that if Betsy Merritt took a fee in any
part of the land of her deceased husband, John, that upon
her death her estate passed to plaintiff and to defendant
Lloyd C. Henning, who is the son of a deceased daughter
of Betsy.    Appellants, who are the widow and children of
Charles C. Merritt, a son of John H., but not of Betsy,
would take nothing from her by descent.

They claim in an answer and cross-petition filed by
them that:

Upon the death of said John H. Merritt referred to in
plaintiff's petition, his widow, Betsy Merritt, orally waived
her right to an undivided one-third in value of real estate
described in paragraph 2 of said petition in consideration
of the use, occupancy, and possession of all of said real
estate for the term of her natural life; that by the terms
of said oral agreement the said Betsy Merritt was given
the use, rents, and profits of all of said real estate for life
in lieu of any and all other interest she might have in
said real estate, said agreement having been made between
the said Betsy Merritt and the children of the said John
H. Merritt.

Par. 3.    That, upon the making of the said agreement
as aforesaid, the said Betsy Merritt took possession of the
whole of said real estate, and to the exclusion of the
children of the said John H. Merritt, above referred to,
received, appropriated, and enjoyed the rents and profits
thereof during the whole of her natural life, and until her
death, which occurred in the year 1903.

Par. 4.    That after the death of said John H. Merritt,

and after the making of said agreement, the said Betsy Merritt orally and in writing represented and held herself out to be the owner of a life estate in the whole of said real estate and to have no other interest therein, and that said Betsy Merritt asserted ownership over the rents and profits of said real estate from the death of her said husband until the date of her own death by virtue of said agreement and representations made by her to the children of said John H. Merritt and to these defendants that she had no other interest in said real estate.

Par. 5. That these defendants and the children of said John H. Merritt relied upon said agreement and representations, and in reliance thereon they have received no part of the rents and profits of said real estate, but have permitted the said Betsy Merritt to hold and receive the same and to exercise her right of ownership over the whole of said read estate under her claim of a life estate therein by reason of said agreement and said representations made by said Betsy Merritt as aforesaid.

Par. 6. That, by reason of the foregoing, the said Betsy Merritt was the owner of only a life estate in said real estate, and that upon her death the said real estate was the absolute property in fee simple of these defendants, Emma C. Woodbury and Fred. F. Merritt.

Par. 7. That these defendants as the widow and children of Charles C. Merritt are the owners of and entitled to one-third in value of the real estate described in paragraph 2 of plaintiff's petition, and that plaintiff Emma C. Woodbury is the owner of and entitled to two-thirds in value of said real estate, Fred F. Merritt having deeded to said Emma C. Woodbury his undivided one-third in value of said real estate.

Par. 8. That the defendant Lloyd C. Henning has no right, title or interest in and to said real estate, and the said Betsy Merritt and said Lloyd Henning and all persons claiming by, through, or under said Betsy Merritt are now estopped from claiming any interest in said real estate adverse to the interests of these defendants and Emma C. Woodbury because of the agreement, representations, and conduct of said Betsy Merritt as above set forth.

In order to prove this agreement or understanding as

pleaded, defendant and appellants introduced as a witness
Fred F. Merritt, one of the sons of the deceased John H.
Merritt, who, over the objection that he was
an incompetent witness under section 4604
of the Code, testified to an agreement as
claimed, the substance of which was that the
widow, Betsy, was to have the use of or the
rents and profits of all of the land during her natural life,
and that, upon her death, the title was to rest in plaintiff
Emma Woodbury, Charles C. Merritt, and himself. He
admitted that he was a party to the agreement, had a part
in the conversation, and was one of the beneficiaries under
the arrangement.    Manifestly he was an incompetent
witness under the section of the statutes referred to and
his testimony can not be considered.    There is no other
testimony of such agreement, save the barest inference from
some letters which it is claimed were written by Betsy
during her lifetime, in which she stated, so it is claimed,
that her interest in the land was simply a life estate.    This
in itself and without more does not prove any title in the
defendants, who are appellants, and the successors of Chas.
C. Merritt, a son of John H., but in no manner related
to Betsy.

1. EVIDENCE: transactions with a decedent: descent and distribution: family agreement.

On the face of the records the title to one-third of
the land passed, upon the death of John H. Merritt, to
Betsy, and upon her death to her children or their heirs;
that is to say, to Emma Woodbury and the
son of her deceased daughter.    If she took
but a life estate in the land, then, of course,
appellants would be entitled to a share as
successors to Chas. C. Merritt, a son of the deceased.
Appellants in this connection tried to prove that there
was an agreement whereby the children of John H. Merritt,
whether by his first or second marriage, were to have all
the land to the exclusion of the successors of Betsy Merritt's
daughter by a previous marriage.    There is not sufficient

2. SAME: descent and distribution: interest of widow.

testimony to show such an' agreement. There is no question of election to take the homestead for life in lieu of distributive share as provided in section 2985 of the Code, for none of these parties ever lived upon the land. This being true, appellants are not entitled to any part of the one-third of which Betsy died seised' unless they can show some contract right thereto, or perhaps a binding estoppel upon the other parties to the case. The letters to which we have referred do not in any way tend to show any agreement whereby appellants would be entitled to any part of the land which Betsy took as the widow of her deceased husband, John.

They claim, however, that they have an interest by some sort of estoppel growing out of the admissions of Betsy made in some letters which it is claimed she wrote to strangers, but which were produced upon the trial. It is not shown that appellants knew anything of these letters until they were introduced upon the trial, and there is an entire absence of testimony that they, in any manner, fashioned their conduct with reference to any admissions made therein. One of the essential elements of an estoppel is wanting. The most that can be said from the testimony is that, after Betsy obtained her title from her husband, she wrote some strangers to the transaction that she had or expected but a life estate in her deceased husband's property. This alone does not prove an agreement, nor in itself constitute an estoppel on anyone. If she consented to take simply a life interest or estate in all, having once received a fee title to one-third, this, to constitute an agreement, must have been pursuant to some arrangement or contract. But the mere admissions do not show with whom the agreement was made. The statements made in the letters were not acted upon by the appellants or by any one for them so far as shown; indeed, it does not appear that any one save strangers to the transaction ever knew of these letters.

3. SAME: estoppel.

Appellants made out no case against the record or paper title, and the decree is manifestly correct.

The motion to dismiss the appeal is overruled because the defendant upon whom no notice was served was not a necessary party to this appeal.

The decree of the district court confirming the record or legal titles of the various parties is correct, and it is *affirmed.*